Filed 12/30/13  Artanda v. Harris CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| FERNANDO ARANDA,<br><br>    Plaintiff and Appellant,<br><br>  v.<br><br>GERALD HARRIS et al.,<br><br>    Defendants and Respondents. | C065940<br><br>(Super. Ct. No. 34-2008-00025877-CU-PO-GDS) |

Plaintiff Fernando Aranda, a prison inmate appearing in propria persona, appeals from a judgment of dismissal entered after the trial court sustained without leave to amend the demurrer to the third amended complaint interposed by correctional officers Gerald Harris, Francis Wong, and Veda McCray (defendants).

Because Aranda has not met his burden as the appellant to demonstrate reversible error, we affirm the judgment.

1

BACKGROUND[1]

Aranda filed his complaint on October 29, 2008, against the correctional officer defendants, claiming personal injury and civil conspiracy.[2] Defendants demurred, and Aranda filed an amended complaint claiming personal injury and civil conspiracy. Defendants' demurrer to the first amended complaint was sustained with leave to amend on the ground (among others) that Aranda failed to adequately allege a civil conspiracy. Aranda filed a second amended complaint, claiming personal injury, civil conspiracy, and misappropriation. Defendants' demurrer to the second amended complaint was sustained on the ground (among others) Aranda failed to allege facts sufficient to state a cause of action for civil conspiracy and his cause of action for misappropriation "failed to allege facts establishing some legally recognized misappropriation for which [Aranda] is entitled to legal relief."

---

[1] This court's review of this matter was not aided in the least by the state of the appellate record. Both parties are to blame. Like documents Aranda submitted in the trial court, his appellate briefs are handwritten in a distinctly slanted hand, rather than typewritten as required by rule 8.204(b)(2), (3), and (4) of the California Rules of Court. Sifting through hundreds of pages of barely legible handwritten documents was made more complicated by the parties' use of settled statements. Aranda received court permission to use a settled statement in lieu of a reporters or clerk's transcript and the trial court certified the engrossed settled statement "in lieu of the reporter's transcript" submitted by Aranda, to which he attached a supporting declaration and close to 200 pages of documents from the trial court files. The Attorney General objected on defendants' behalf that Aranda's settled statement is not adequate to establish the record, and defendants submitted their own proposed settled statement. After several informal requests and an order from this court, the Attorney General finally submitted to this court the proposed settled statement defendants filed in the trial court and upon which they relied in part in their respondents' brief. Even so, the Attorney General's respondent's brief does not distinguish between the settled statement submitted by Aranda and that submitted by defendants, and the two do not contain the same documents.

[2] Aranda also named Los Angeles County Sheriff Detective Elizabeth Meyers and Does 1 through 5 as defendants; Meyers did not join in the demurrers at issue in this appeal.

2

Aranda then filed the third (and operative) complaint. He alleged defendants conspired with Meyers to observe and monitor him "via trade secret program device[s] and methods," including speakers, cameras and radios installed throughout the prison. These devices "bombard [his] state of mind, alluring [him] to an unreality, unconsciously mental abuse," interfere with his "states of mind, thought processes and pattern of mentation," "creat[e] mental chemical imbalances," and "deplet[e] oxygen to [his] mind and body." Aranda alleged defendants (and Meyers) use these devices to aid and abet others to commit crimes, to update inmates and officers concerning Aranda's conduct, and to inflict cruel and unusual punishment "under the trade secret uniform act [citation]. By improper means misappropriation and reckless disregard in maintaining state secrets using program, device, method, technique or process [citation]." Finally, he alleges these devices affect his nerve cells, and thereby ultimately "restrict[] [his] freedom of action."

In addition to the conspiracy allegations, Aranda made the following allegations against individual named defendants.

Aranda alleged that, sometime prior to July 27, 2006, he saw officer McCray "solicit" another inmate "for pecuniary gain" and McCray later advised Aranda that several inmates were "time bombs waiting to go off." Some inmates later tried to fight with Aranda.

As to Officer Harris, Aranda alleged that on July 27, 2006, Harris saw Aranda and another inmate involved in a fight in the prison kitchen. Harris made a rules violation report falsely describing the fight as mutual combat, as a part of defendants' conspiracy against Aranda. The rules violation report was subsequently dismissed.

Approximately two weeks after the fight reported by Officer Harris, on August 12, 2006, Officer Wong yelled at Aranda, "Next time, that was a close one, I'll make sure," from which Aranda concluded Wong was involved in the conspiracy to have Aranda involved in a fight.

In Aranda's view, defendants' actions constitute an intentional tort, entitling him to general and punitive damages. Aranda also sought an order prohibiting Meyers "from entering Mule Creek State Prison" and prohibiting the Doe defendants from "using trade secrets to commit illegal acts against [him]. Inhumanity in mental abuse and schemes."

Defendants demurred to the third amended complaint on the ground the complaint failed to state facts sufficient to state any cause of action against them. In support of the demurrer, they also argued Aranda failed to timely file his complaint under the applicable government claims statutes, and was not excused from doing so.

Aranda opposed the demurer. He argued he is exempt from complying with the tort claims timetable because he suffers from severe mental illness inflicted by defendants; alternatively, he argued the complaint was timely filed, because the filing deadline was tolled by his first having filed an action in federal court. Aranda also argued he alleged sufficient evidence to allow the inference that defendants either expressly or impliedly agreed to take joint action against him.

The trial court sustained defendants' demurrer without leave to amend. The court agreed both that plaintiff's complaint failed to comport with the government claims statutes,[3] and that the complaint fails to state a cause of action. On the second point, the trial court stated: "As best the Court can decipher the allegations, plaintiff is claiming that defendants conspired to misappropriate the former's thoughts, etc. However, since civil conspiracy is not itself a cause of action but merely a legal doctrine by which liability may be imposed against those who, while not committing the underlying tort, agreed to a common plan to effect the tort [citation], the conspiracy allegations are of no significance unless the 'misappropriation' theory has potential merit. Because plaintiff's allegations relating to 'misappropriation' have no basis in law or fact, the conspiracy

---

[3]     On appeal, the parties agree this finding was error. See footnote 4, *post*.

allegations cannot overcome the present demurrer.  As plaintiff has already had three opportunities to amend his complaint to state a valid cause of action against the demurring defendants, the demurrer to the intentional tort cause of action is also sustained without leave to amend."

## DISCUSSION

## I

### *Applicable Rules Governing this Appeal*

On appeal from a judgment of dismissal after an order sustaining a demurrer without leave to amend, we examine the complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.  (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.)  In our de novo review of an order sustaining a demurrer, we assume the truth of all facts properly pleaded in the complaint or reasonably inferred from the pleading, but not mere contentions, deductions, or conclusions of law.  (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967; *Buller v. Sutter Health* (2008) 160 Cal.App.4th 981, 985-986.)  We then determine if those facts are sufficient, as a matter of law, to state a cause of action under any legal theory.  (*Aguilera v. Heiman* (2009) 174 Cal.App.4th 590, 595.)

In order to prevail on appeal, Aranda must affirmatively demonstrate error.  Specifically, he must show that the facts he pleaded are sufficient to establish every element of a cause of action and overcome all legal grounds on which the trial court sustained the demurrer.  (*Cantu v. Resolution Trust Corp*. (1992) 4 Cal.App.4th 857, 879-880.)  We will affirm the ruling if there is any ground on which the demurrer could have been properly sustained.  (*Debro v. Los Angeles Raiders* (2001) 92 Cal.App.4th 940, 946.)

As mentioned, the trial court ruled in sustaining defendant's demurrer to the third amended complaint that Aranda's complaint was untimely under government tort claims principles, and that he failed to allege facts sufficient to state the elements of the

5

purported cause of action for the intentional tort of misappropriation, and hence, cannot maintain a cause of action for civil conspiracy. On appeal, the parties agree the trial court erred in its first conclusion that Aranda's complaint was untimely.[4] We agree: accordingly, we concern ourselves with whether the trial court otherwise properly sustained the demurrer.

When, as here, a court sustains a demurrer without leave to amend, our task on review is to "decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred. [Citation.] The plaintiff has the burden of proving that an amendment would cure the defect. [Citation.]" (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

Lack of legal counsel does not entitle an appellant to special treatment. (*Harding v. Collazo* (1986) 177 Cal.App.3d 1044, 1055; *Doran v. Dreyer* (1956) 143 Cal.App.2d 289, 290.) A pro se litigant is held to the same restrictive rules of procedure as an attorney. (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639.) "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)

---

[4]     In response to our request for supplemental briefing, defendants concede the trial court erred in sustaining their demurrer on the alternative ground that Aranda's lawsuit was untimely. Aranda's action was in fact timely, defendants admit, and their argument to the contrary on demurrer failed to take into account that the limitations period for Aranda to file his civil action in state court was tolled an additional 30 days after the dismissal of Aranda's initial federal court action. (28 U.S.C. § 1367(d).)

## II

### *Aranda's Appeal Lacks Merit*

A.    *The Demurrer Was Properly Sustained Without Leave to Amend*

The trial court sustained defendants' demurrer on the ground Aranda's misappropriation allegations "have no basis in law or fact," thus, he cannot state a cause of action for civil conspiracy to commit that misappropriation.

After giving the complaint a reasonable reading, we agree with the trial court that Aranda fails to state a cause of action for misappropriation of trade secrets. Indeed, we cannot discern what Aranda intends when he uses the phrase "trade secrets" or the word "misappropriation." A trade secret is defined in the Uniform Trade Secrets Act (upon which Aranda relies) as information, "including a formula, pattern, compilation, program, device, method, technique, or process, that: [¶] (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and [¶] (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." (Civ. Code, § 3426.1, subd. (d).) "Misappropriation" of a trade secret means "(1) Acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or [¶] (2) Disclosure or use of a trade secret of another without express or implied consent by a person who: [¶] (A) Used improper means to acquire knowledge of the trade secret; or [¶] (B) At the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was: [¶] (i) Derived from or through a person who had utilized improper means to acquire it; [¶] (ii) Acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or [¶] (iii) Derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or [¶] (C) Before a material change of his or her position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake." (Civ. Code, § 3426.1, subd. (b).) Aranda

7

alleges that speakers, cameras, and radios installed throughout the prison are trade secrets, but the complaint does not claim defendants misappropriated these devices, or describe how they did so.

Moreover, it is uncertain from the allegations of the complaint what, *exactly*, defendants are meant to have misappropriated: Aranda alleges he was "under cruel and unusual punishment inflicted by [defendants and Los Angeles County Sheriff Detective Meyers] under the trade secret uniform act [citation]. By improper means misappropriation and reckless disregard in maintaining state secrets using program, device, method, technique or process [citation]." Defendants interpret these (and similar) allegations to mean Aranda accuses them of "misappropriating" his state of mind, "thought processes and pattern of mentation," an interpretation with which the trial court apparently agreed. We do not agree with this interpretation. But we can offer no alternative, because the allegations of the third amended complaint are simply nonsensical: they are a lengthy mélange of legal definitions, phrases copied from prior pleadings, argument, and documents from his prison appeal of the rules violation report filed by Officer Harris.

Aranda asserts that "no matter how unlikely or improbable [his] allegations are, they should be accepted as true for the purpose of ruling on the demurrer [citation]." (See *Dell E. Webb Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604.) But this argument assumes the nature of his allegations can be ascertained from the face of the complaint. Here, they cannot.

Aranda's brief on appeal adds nothing to the analysis. He concedes his conspiracy claim rests on the allegations "that defendants conspired to 'misappropriate' state trade secret devices, program, technique, and processes [citation]. Specifically, speakers, cameras and radios in electronic surveillance system, to create an atmosphere targeting [him]. Defendants collaborated with prison inmates" to assault Aranda, and "this is the theory of liability asserted in this cause of action for intentional tort." This explanation of

8

the complaint does not explain how Aranda has alleged that defendants have misappropriated trade secrets. In view of these allegations, we also agree with the trial court and the defendants that Aranda fails to allege facts sufficient to state any cause of action against defendants.

Aranda asserts the trial court abused its discretion in sustaining the demurrer without leave to amend, but we discern no such abuse. After four attempts, Aranda has been unable to state a claim based upon conspiracy, or misappropriation of trade secrets, i.e., the allegations upon which his personal injury action is based. Under such circumstances, the trial court did not abuse its discretion in denying leave to amend. (*Oddone v. Superior Court* (2009) 179 Cal.App.4th 813, 823; see also 5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 992, p. 403 ["A general demurrer may be sustained without leave to amend where it is probable from the nature of the defects and previous unsuccessful attempts to plead that the plaintiff cannot state a cause of action."].)

Aranda argues in his reply brief that it is "premature" for him to identify any manner in which he may amend his complaint to defeat a demurrer, "because the trial court did not reach the potential merit of his 'personal injury' and 'misappropriation' theory, a valid cause of action." Accordingly, he argues, the burden ordinarily imposed upon a plaintiff who appeals from an order sustaining a demurrer without leave to amend to show how the defects identified in the complaint could be cured by amendment is "inapplicable" to him. Aranda is mistaken. (See *Schifando v. City of Los Angeles, supra,* 31 Cal.4th at p. 1081.) The "merits" of a cause of action are not determined by any court considering a demurrer; rather, courts generally examine whether " ' "the complaint shows on its face" ' " that its allegations are sufficient to state a cause of action. (See *Van de Kamps Coalition v. Board of Trustees of Los Angeles Community College Dist.* (2012) 206 Cal.App.4th 1036, 1044; *Aguilera v. Heiman, supra,* 174 Cal.App.4th at p. 595.)

9

B.    *Aranda's Remaining Contentions Also Lack Merit*[5]

1.  Preliminary injunction hearings

While defendants' demurrer was pending, Aranda filed two motions for preliminary injunctions.  The first motion was construed by the court as a petition for writ of habeas corpus; the second motion was heard and denied.  On appeal, Aranda contends the trial court failed to conduct hearings on these motions.  To the contrary, the minute orders of the proceedings concerning his motions indicate hearings were conducted.  Further, we presume on this record, without reporters' transcripts of those proceedings, that the trial court properly exercised its discretion by correctly applying the law and giving due consideration to the evidence before it, including written submissions by the parties (cf. *Olivia v. Suglio* (1956) 139 Cal.App.2d 7, 9), and that the evidence was sufficient to justify issuing the orders (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154).

2.  Continuance of the hearing on the demurrer

Three days before the date of the scheduled hearing on defendants' demurrer, Aranda filed an ex parte request to extend the time for hearing defendants' demurrer until "the court hears [his pending] motion for preliminary injunction."  The hearing on defendants' demurrer proceeded as scheduled.  Aranda contends on appeal the trial court erred in not ruling on his ex parte application to extend the time for hearing defendants' demurrer until "the court provides a hearing on [the] motion for preliminary injunction."

A trial court's decision to deny a request for a continuance is reviewed for an abuse of discretion.  (*Mahoney v. Southland Mental Health Associates Medical Group* (1990) 223 Cal.App.3d 167, 170.)  Aranda does not attempt to show on appeal that the trial court abused its discretion in denying his request for a continuance of the hearing on defendants' demurrer.

---

[5]    Defendants and their counsel, the Attorney General, make no response to any of these contentions.

3.  Aranda's objections to the proposed order of dismissal

After defense counsel submitted the proposed order of dismissal to Aranda, Aranda objected to language in the proposed order stating he did not appear at the hearing, on the grounds he was unable to appear by telephone on that date, and he had asked the court to extend the time for hearing the demurrer until after his motion for a preliminary injunction could be heard.  Aranda also objected to the proposed order's dismissal of the action in its entirety, on the grounds he had attempted to serve Meyers and the Doe defendants, all of whom "daily inflicted pain and suffering, that is[,] severe emotional distress and physical discomfort via electronic speakers and cameras, verbally abusing [him] day and night, fragmenting his mind, agitating his senses that depletes the body's vital forces and oxygen."  The trial court signed the judgment to which Aranda objected.[6]

Aranda contends the trial court erred in not ruling on his objections to the proposed order of dismissal and judgment.  Generally, when a party prepares a formal order based on the court's ruling on a motion, the California Rules of Court require that the party submit the proposed order to the opposing party "for approval as conforming to the court's order" before submitting it to the court.  (Cal. Rules of Court, rule 3.1312(a).) The California Rules of Court do not require that the court conduct a hearing on the objections, if any, to a proposed order by the opposing party, and Aranda identifies no authority for a contrary conclusion.

---

[6]     On the same day, the court also signed a second judgment, apparently revised by defense counsel based partly on Aranda's objections, which states only: "On May 7, 2010, this Court sustained defendant's demurrer, without leave to amend.  In accordance with that order, JUDGMENT IS ENTERED in favor of defendants Harris, Wong, and McCray."  (Original capitalization.)

DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


                                                            NICHOLSON            , J.



We concur:


        RAYE            , P. J.


        BLEASE          , J.

12